IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WILLIE NAPOLEON MOTHERSHED**                                                            **PLAINTIFF**

**V.**                                         **4:19CV00167 JM**

**TOMMY LAND, Commissioner**
**of State of Lands of Arkansas**                                                          **DEFENDANT**

**ORDER**

**I.     Introduction**

Plaintiff Willie Mothershed filed his *pro se* complaint alleging that he is an heir to two federal land patents and asking this Court to remove those parcels of land from local, state, and federal taxes.[1] (Doc. 1 at 5). He also alleges that the State of Arkansas has unlawfully "extorted funds" through taxes and forfeiture proceedings from the heirs of the named land patents. (*Id*. at 5). In support of his claims, Mothershed attaches two federal land patents issued in 1862 by President Arthur awarding 160 acres of property each to Ned Mothershead and Sam Stucky. (Doc. 1 at 8-9). Mothershed contends that the State changed the spelling of the families' names "in order to make a profit by placing the changed names on their tax rolls." (Doc 1 at 5). He suggests a possible reward of damages in the amount of $465,000,000. (Doc. 1 at 4-5).

Defendant moved for summary judgment alleging that Mothershed had not only failed to state a cause of action but also failed to plead facts supporting any claim. (Doc. 8). Mothershed was granted an extension of time to respond (Doc. 10); however, rather than respond, Mothershed filed a cross-motion for summary judgment. (Doc. 12). Defendant responded to Mothershed's motion (Doc. 13); and both motions are now ripe for review.

---

[1] Mothershed's current claims echo those dismissed *sua sponte* by the Honorable Brian Miller pursuant to §1915 screening of an IFP complaint. *See Mothershed v. Thurston*, No. 4:18cv00451 BSM (Doc. 3) (Order, August 6, 2018).

**II.     Standard**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874, 878 (8th Cir. 1987), FED. R. CIV. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.   It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.   Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.   If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

**III.     Analysis**

Both parties agree that there are no disputed material facts. (Doc. 8, 8-1, & 12). In both its motion for summary judgment and response to Mothershed's motion, Defendant argues that Mothershed has failed to state a cause of action. Defendant is correct.

Mothershed's claims fail for a number of reasons. First, other than a shared last name with the original land-patent holder, Mothershed has not demonstrated that he has any standing as an heir to assert any rights to the named property. Mothershed attaches a letter from Defendant noticing potential interested parties of delinquent tax liabilities. (Doc. 12 at 2). However, the letter reflects the record owner as "Dayton Mothershed," (*Id.*) and, the property was redeemed, meaning the back taxes were paid, by Donald Mothershed. (Doc. 13 at 5). This letter does not establish that Mothershed has a property right.

Second, even if Mothershed had established an interest in the property, the relief he seeks, a declaration that the property is tax exempt and damages for, *inter alia*, payment of back taxes, is not a feasible ground for relief. Plainly, the transfer of property through a federal land patent does not exempt it from either tax or property laws.

"A land patent is the 'equivalent to fee simple ownership,' *Van Zelst v. Comm. Internal Rev.*, 100 F.3d 1259, 1261 (7th Cir. 1996), which means that land acquired by patent *is* subject to regulation and tax like any other private property." *Gregerson v. Wisconsin*, 2016 WL 5794811 (W.D. Wis. 2016) (emphasis in original). "[O]nce federal land is sold to a private person the land is subject to ad valorem property taxation as part of the general mass of property in the state." *Robberts v. Northville Township*, 22 Fed. App.'x 527, 528 (6th Cir. 2001)(unpublished) (listing cases). While certain types of property are exempt from taxation, Mothershed has failed to present anything to suggest the property at issue here was anything other than a fee-simple transfer of ownership. "Once patent issues, the incidents of ownership are . . . matters of local

property law to be vindicated in local courts[.]" *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 676 (1974).

**IV.     Conclusion**

Mothershed has failed to present a claim upon which relief can be granted. Defendant's motion for summary judgment (Doc. 8) is GRANTED. Mothershed's cross-motion for summary judgment (Doc. 12) is DENIED. This case is DISMISSED without prejudice.

IT IS SO ORDERED this 30th day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE